UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHARLES GOOCH,                         )
                                       )
             Petitioner,               )
                                       )
vs.                                    )   Case No. 1:15-cv-442-WTL-TAB
                                       )
SUPERINTENDENT,                        )
 Correctional Industrial Facility,     )
                                       )
             Respondent.               )

**Entry Dismissing Original Habeas Claim and Permitting
Filing of an Amended Petition for Writ of Habeas Corpus**

**I.**

**A.**

The pleadings and expanded record show the following: Gooch is serving the executed portion of a 2008 conviction for drug offense. His conviction was affirmed in *Gooch v. State*, No. 49A02-1004-CR-382 (Ind.Ct.App. Dec. 7, 2010). A second direct appeal was authorized in an action for postconviction relief because the trial court concluded in the postconviction action that Gooch's attorney was ineffective in the first direct appeal by failing to include a specific claim. The remedy for this was authorization of a second direct appeal. Gooch did not prevail in the second direct appeal, *Gooch v. State*, 10 N.E.3d 99 (Ind.Ct.App.) *transfer denied*, 15 N.E.3d 588 (Ind. 2014). The claim presented in the second direct appeal was that the trial court had abused its discretion by removing a juror and replacing that juror with an alternate after the jury had been empaneled.

Gooch's petition for writ of habeas corpus was filed on March 16, 2015. An order to show cause was issued. The respondent appeared by counsel and filed a return to the order to show cause on June 2, 2015. The respondent argued in that return that Gooch's habeas claim was moot because the state courts had permitted him a second direct appeal.

On August 17, 2015, more than 60 days after the return to show cause was filed and after seeking two extensions of time, Gooch filed his reply. Gooch states in his reply that the claim in his habeas petition was not what he intended to present. He states instead that he intended to assert the claim presented in his second direct appeal and that it was through inadvertence that he failed to assert the claim he intended and asserted a claim not intended. He seeks to amend his habeas petition consistent with this disclosure.

**B.**

Gooch's request to **drop** the claim asserted in his habeas petition [dkt 16] is **granted.**

**C.**

Gooch describes the claim he intended and now hopes to assert to be a Sixth Amendment claim that the juror was improperly removed from the jury. He may do so if he demonstrates that such claim is viable, which requires more than the general description he has supplied.

> Federal habeas relief is available only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) and (2); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013).

*Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013). Gooch reply to the return to order to show cause suggests no infirmity of this nature in the state courts' resolution of the claim presented in his second direct appeal.

Gooch shall have **through September 10, 2015** in which to **supplement** his proposed amended petition for writ of habeas corpus by showing that the state court's decision in his second direct appeal was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

If Gooch supplements his proposed amended petition for writ of habeas corpus as just directed, the court will direct the further development of the action. If he fails to supplement his proposed amended petition for writ of habeas corpus as just directed, the action will be dismissed because (a) the original claim has dropped out, and (b) no viable claim for habeas relief has been asserted.

**D.**

The Supreme Court has emphasized that habeas corpus proceedings are intended to provide "swift, flexible, and summary determination[s]." *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 271 (1978). In this case, it took Gooch seven months to file a habeas petition asserting a single claim which was not intended. It took Gooch more than two more months to report his error and identify the claim which was intended. These are not signs of diligent effort to present and advance the habeas petition. More is expected if the Supreme Court's vision is to be honored in this case.

IT IS SO ORDERED.

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 8/25/15

Distribution:

CHARLES GOOCH
DOC #872582
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel